## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ROBERT DUNCAN, | : | |
| a/k/a JAMES MALONE, | : | |
|     Plaintiff, | : | |
| | : | |
| v. | : | CIVIL ACTION NO. 26-CV-2855 |
| | : | |
| CITY OF PHILADELPHIA, *et al.*, | : | |
|     Defendants. | : | |

### MEMORANDUM

**SCOTT, J.**                                                              **JUNE   22 , 2026**

Plaintiff Robert Duncan, also known as James Malone,[1] initiated this *pro se* civil action against the City of Philadelphia and Altman Management Group, LLC, alleging his constitutional rights were violated.  Duncan seeks to proceed *in forma pauperis* and recusal of the undersigned.  For the following reasons, the Court will grant Duncan leave to proceed *in forma pauperis*, deny the recusal motion, and dismiss the Complaint.

### I.     FACTUAL ALLEGATIONS[2]

The allegations in the Complaint are brief.  In the portion of the form complaint where the plaintiff can indicate whether he is a prisoner or other confined person, Duncan checked the box for "other" and states: "Retaliation for starting a resident advisory board at (Terrace

---

[1] Robert Duncan commenced a separate civil matter in this court on April 22, 2026.  *See Duncan v. City of Philadelphia, et al.*, Civ. A. No. 26-2671 (E.D. Pa.).  In that matter, the filings list the plaintiff as "Robert Duncan a.k.a. James Malone."  *See id.* at ECF Nos. 1 and 2.  Although Duncan makes no mention of the alias name in the pleadings in the case at bar, for purposes of consistency, the Court will direct the alias name to be added to the docket in this matter.

[2] The factual allegations in this Memorandum are taken from Duncan's Complaint.  (*See* ECF No. 2 ("Compl.").)  The Court adopts the sequential pagination supplied to Duncan's filings by the CM/ECF docketing system.

Apartment) in year of 2023." (Compl. at 4.)  He asserts that the events giving rise to his claims occurred in "May of 2023, September 9, 2023, refusing to address (L+ I Case Number CF-2023-042085) Apartment fire at Terrace Apartment on May 5, 2024, and ongoing events today." (*Id.* at 5.)  Duncan further alleges as follows:

> Both Defendant's [sic] took part in trying too [sic] take the life of Mr. Duncan and his wife, with the deliberate fire on May 5, 2024.  At Terrace Apartment (4931 Spruce St. Phila. PA).  While also allowing Altman to turn off Mr. Duncan['s] electricity from February of 2024 up until the fire of May 5, 2024.  After Mr. Duncan and his wife reported the two (2) mysterious deaths of two (2) females who lived in apartments (B-3) and (B-17) by at [sic] the hands of (Bill) Altman Management Company employee back in the year of 2022 at (Terrace Apartment).

(*Id.*)  Duncan alleges he suffered physically and mentally from the fire.  (*Id.*)  As relief, he seeks $500 million in damages.  (*Id.*)

## II.    STANDARD OF REVIEW

The Court will grant Duncan leave to proceed *in forma pauperis* because it appears he is incapable of paying the fees to commence this civil action.  Accordingly, his Complaint is subject to screening pursuant to 28 U.S.C. § 1915(e)(2)(B), which requires the Court to screen and dismiss the Complaint if it is frivolous, malicious, fails to state a claim, or seeks relief from an immune defendant.  A complaint is frivolous under § 1915(e)(2)(B)(i) if it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).  It is legally baseless if "based on an indisputably meritless legal theory," *Deutsch v. United States*, 67 F.3d 1080, 1085 (3d Cir. 1995), and factually baseless "when the facts alleged rise to the level of the irrational or the wholly incredible," *Denton v. Hernandez*, 504 U.S. 25, 33 (1992).

Whether a complaint fails to state a claim under § 1915(e)(2)(B)(ii) is governed by the same standard applicable to motions to dismiss under Federal Rule of Civil Procedure 12(b)(6), *see Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999), which requires the Court to

determine whether the Complaint contains "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face,'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 566 (2007)); *see also Talley v. Wetzel*, 15 F.4th 275, 286 n.7 (3d Cir. 2021).  At the screening stage, the Court will accept the facts alleged in the *pro se* Complaint as true, draw all reasonable inferences in the plaintiff's favor, and ask only whether that complaint, liberally construed, contains facts sufficient to state a plausible claim.  *Shorter v. United States*, 12 F.4th 366, 374 (3d Cir. 2021), *abrogation on other grounds recognized by Fisher v. Hollingsworth*, 115 F.4th 197 (3d Cir. 2024).  Conclusory allegations do not suffice. *Iqbal*, 556 U.S. at 678.  Further, an unrepresented litigant "cannot flout procedural rules — they must abide by the same rules that apply to all other litigants."  *Id.*; *see also Doe v. Allegheny Cnty. Hous. Auth.*, No. 23-1105, 2024 WL 379959, at *3 (3d Cir. Feb. 1, 2024) ("While a court must liberally construe the allegations and 'apply the applicable law, irrespective of whether the pro se litigant mentioned it b[y] name,' *Higgins v. Beyer*, 293 F.3d 683, 688 (3d Cir. 2002), this does not require the court to act as an advocate to identify any possible claim that the facts alleged could potentially support.").  Additionally, the Court must review the Complaint and dismiss the matter if it determines that subject matter jurisdiction is lacking.  *See* Fed. R. Civ. P. 12(h)(3); *Grp. Against Smog and Pollution, Inc. v. Shenango, Inc.*, 810 F.3d 116, 122 n.6 (3d Cir. 2016) (explaining that "an objection to subject matter jurisdiction may be raised at any time [and] a court may raise jurisdictional issues *sua sponte*").

## III.   DISCUSSION

"Federal courts are courts of limited jurisdiction." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994).  A plaintiff bringing a lawsuit in federal court has an obligation to show the grounds for the court's jurisdiction.  *See* Fed. R. Civ. P. 8(a)(1).  Cases that can be

3

heard in federal court include cases based on federal law, known as federal question jurisdiction, *see* 28 U.S.C. § 1331, and cases in which the plaintiffs and defendants are citizens of different states and the amount in controversy is at least $75,000, known as diversity jurisdiction, *see* 28 U.S.C. § 1332(a).

Duncan asserted federal question jurisdiction by checking the box on the form complaint indicating that he brings claims pursuant to 42 U.S.C. § 1983, (*see* Compl. at 3), the vehicle by which federal constitutional claims may be brought against state actors in federal court. "To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988). While Duncan's allegations are convoluted, the Court understands him to allege that he lived at Terrace Apartments, that he reported the mysterious deaths of two women there in 2022, and that he started a resident advisory board in 2023. (*See id.*) He also alleges that both the City of Philadelphia and Altman Management Company attempted to take his life, and the life of his wife, in a fire that was deliberately set at the apartment building on May 5, 2024. (*Id.* at 5.) Reading the Complaint as a whole and liberally construing the allegations therein, the Court can discern no nonfrivolous or plausible basis for a § 1983 claim under the facts alleged.

Even if Duncan seeks to present tort claims under Pennsylvania law, there is no basis for the Court's independent jurisdiction over those claims because 28 U.S.C. § 1332(a) only grants a district court jurisdiction over a case in which "the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different States."[3]

---

[3] Because the Court has dismissed any federal claims, it will not exercise supplemental jurisdiction over any state law claims.

Section 1332(a) requires "complete diversity between all plaintiffs and all defendants,' even though only minimal diversity is constitutionally required.  This means that, unless there is some other basis for jurisdiction, 'no plaintiff [may] be a citizen of the same state as any defendant.'" *Lincoln Benefit Life Co. v. AEI Life, LLC*, 800 F.3d 99, 104 (3d Cir. 2015) (quoting *Lincoln Prop. Co. v. Roche*, 546 U.S. 81, 89 (2005) and *Zambelli Fireworks Mfg. Co. v. Wood*, 592 F.3d 412, 419 (3d Cir. 2010) (internal footnotes omitted)).  Diversity is determined at the time the complaint is filed.  *Washington v. Hovensa, LLC*, 652 F.3d 340, 344 (3d Cir. 2011) (citation omitted).  An individual is a citizen of the state where he is domiciled, meaning the state where he is physically present and intends to remain.  *Id.* (citation omitted).  It is the plaintiff's burden to establish diversity of citizenship.  *Gibbs v. Buck*, 307 U.S. 66, 72 (1939).

Here, diversity jurisdiction is lacking based on the face of the Complaint because Duncan indicates he is a citizen of Pennsylvania and he names the City of Philadelphia as a Defendant.  Accordingly, Duncan has not sufficiently alleged that the parties are diverse for purposes of establishing the Court's jurisdiction to the extent he seeks to pursue a state law claim.  *See Williams v. Francois*, No. 22-3339, 2023 WL 2203570, at *2 (3d Cir. Feb. 24, 2023) (*per curiam*) (affirming *sua sponte* dismissal of state law claims for lack of subject matter jurisdiction where plaintiff failed to adequately allege the citizenship of any party to the action).

As to Duncan's motion for recusal of the undersigned (ECF No. 5), the motion will be denied.  "Whenever a judge's impartiality might reasonably be questioned in a judicial proceeding, 28 U.S.C. § 455(a) requires that the judge disqualify himself."  *In re Kensington Int'l Ltd.*, 368 F.3d 289, 301 (3d Cir. 2004) (quotation marks omitted).  "Motions to recuse under 28 U.S.C. § 455(a) must rest on the kind of objective facts that a reasonable person would use to evaluate whether an appearance of impropriety had been created, not on 'possibilities' and

5

unsubstantiated allegations." *United States v. Martorano*, 866 F.2d 62, 68 (3d Cir. 1989).

Further, recusal is not justified based upon a litigant's dissatisfaction with a Judge's rulings. *See*

*Liteky v. United States*, 510 U.S. 540, 554 (1994).

Duncan moves for recusal based on this Court's dismissal of his prior civil action,

*Duncan v. City of Philadelphia, et al.*, Civ. A. No. 24-1133. (*See* ECF No. 5.) He also asserts

that the undersigned is biased in matters involving the City of Philadelphia because the

undersigned "is a former Common Pleas Judge from the County of Philadelphia" and a sorority

sister of Philadelphia Mayor Cherelle Parker. (*Id.*) Because Duncan's motion does not set forth

any legitimate basis for recusal, the undersigned will not recuse. *See Securacomm Consulting,*

*Inc. v. Securacom Inc.*, 224 F.3d 273, 278 (3d Cir. 2000) ("We have repeatedly stated that a

party's displeasure with legal rulings does not form an adequate basis for recusal." (citations

omitted)); *Grant v. Elias*, No. 22-3128, 2023 WL 6576269, at \*2 (3d Cir. Oct. 10, 2023) (*per*

*curiam*) (affirming denial of recusal motion that contained only conclusory assertions of bias);

*Petrossian v. Cole*, 613 F. App'x 109, 112 (3d Cir. 2015) (*per curiam*) (concluding that

unfounded allegations of bias based on identity do not support recusal).

## IV.    CONCLUSION

For the foregoing reasons, the Court will grant Duncan leave to proceed *in forma*

*pauperis*, deny the recusal motion, and dismiss the Complaint. All § 1983 claims will be

dismissed with prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B)(i) and (ii). Any state law claims

will be dismissed without prejudice for lack of subject matter jurisdiction. Leave to amend will

not be given, as amendment would be futile. *See Grayson v. Mayview State Hosp.*, 293 F.3d

103, 108 (3d Cir. 2002).

An appropriate Order follows regarding dismissal, which shall be entered separately. *See* Fed. R. Civ. P. 58(a).

**BY THE COURT:**

*/S/ Kai N. Scott*

**KAI N. SCOTT, J.**
